MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HARRISON ORR, Individually,           )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )        Case No. 2:14-cv-00585-WBS-EFB
                                       )
CALIFORNIA HIGHWAY PATROL, a           )        **FIRST AMENDED COMPLAINT FOR**
public entity; STATE OF                )        **DAMAGES AND JURY DEMAND**
CALIFORNIA, a public entity;           )
CALIFORNIA HIGHWAY PATROL              )
OFFICERS BRAME, PLUMB, and             )
DOES 1-10, individually,               )
                                       )
            Defendants.                )
                                       )
_____)

        Plaintiff, by and through his attorneys, HADDAD & SHERWIN, for his First

Amended Complaint against Defendants, states as follows:

                            **JURISDICTION**

        1.      This is a civil rights action arising from Defendants' unreasonable seizure

and use of excessive force against Plaintiff HARRISON ORR ("ORR"), on or about

August 6, 2013, near the City of Sacramento, County of Sacramento, California.  This

action is brought pursuant to: 42 United States Code (U.S.C.) §§ 1983 and 1988; Title II

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 *et seq.;* § 504 of the

Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and

12202; the Fourth and Fourteenth Amendments to the United States Constitution;

California Welfare & Institutions Code §§ 15610.07 and 15600 *et seq.*; California Civil

Code §§ 52, 52.1 and 51.7; and California common law.  Jurisdiction is founded upon 28

U.S.C. §§ 1331 and 1343(a)(3)–(4).  Plaintiff invokes the supplemental jurisdiction of this

Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein

occurred in Sacramento County, California, and this action is properly assigned to the

Sacramento Division of the United States District Court for the Eastern District of

California.

## PARTIES AND PROCEDURE

3.      Plaintiff HARRISON ORR is a resident of the STATE OF CALIFORNIA.  At

the time of this incident, Plaintiff ORR was seventy-six years old.  In 2006, Plaintiff ORR

suffered a brain-stem stroke.  As a result, Plaintiff ORR is disabled; his speech is slurred

and he must walk with a cane.  These physical disabilities are readily apparent and

substantially limit one or more major life activities, such as speaking, walking, moving and

standing.  Plaintiff brings this case as a Private Attorney General, to vindicate not only his

own civil rights, but others' civil rights of great importance.

4.      Defendants CALIFORNIA HIGHWAY PATROL (CHP) and STATE OF

CALIFORNIA are public entities established by the laws and Constitution of the State of

California, established and maintained by the laws and Constitution of the State of

California, and employs and/or is responsible for the other defendants in this action. Plaintiff ORR sues CHP and the State of California only in Count Nine of this Complaint ("ADA" and "RA").

5.      Defendant OFFICER BRAME ("BRAME") at all material times was employed as a California Highway Patrol (CHP) officer and was acting within the course and scope of that employment.

6.      Defendant OFFICER PLUMB ("PLUMB") at all material times was employed as a CHP officer and was acting within the course and scope of that employment.

7.      The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiff ORR, who therefore sues these Defendants by such fictitious names, and Plaintiff ORR will seek leave to amend this complaint to show their true names and capacities when they are ascertained.  Each DOE defendant was an employee of the CHP and/or State of California and at all material times acted within the course and scope of that relationship.

8.      Plaintiff ORR is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff ORR.

9.      Plaintiff ORR is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

Plaintiff ORR is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

10.     At all material times, each Defendant was an integral participant in the events described herein, and was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff ORR's constitutional rights and other harm.

11.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12.     The acts and omissions of Defendants BRAME, PLUMB, and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CHP.

13.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

**GENERAL ALLEGATIONS**

14.     Plaintiff ORR realleges each and every paragraph in this complaint as if fully set forth here.

15.     On or about August 6, 2013 in the County of Sacramento, California, at about 11:00 a.m., Plaintiff ORR was driving south on State Route 51 (the eastern half of Interstate 80's business loop) just north of El Camino after the Marconi Curve.  Plaintiff ORR was driving from his home in Citrus Heights to his previous home in South Sacramento.  Plaintiff ORR was conducting himself lawfully, and he was obeying all traffic laws.

16.     Defendant BRAME pulled Plaintiff ORR over—allegedly for driving too slowly in the fast lane.  According to Defendants' arrest-investigation report, Plaintiff ORR was driving fifty miles per hour.  Defendant BRAME also reported that, "[f]earing that the driver was possibly under the influence of alcohol and/or drugs," he initiated an enforcement stop.  At all times, Plaintiff ORR drove lawfully and safely, observing all traffic laws.  Plaintiff ORR had not consumed any alcohol or illegal drugs, and he was not intoxicated in any way.

17.     Defendant BRAME approached Plaintiff ORR and told him that he suspected him of drinking and driving.  In fact, Plaintiff ORR had not been drinking, and he told Defendant BRAME that he did not drink, smoke, or use drugs.

18.     Defendant BRAME took Plaintiff ORR's driver's license—which showed that he was seventy-six years old—and asked him to get out of the car.  As soon as Plaintiff ORR got out of the car, Defendant BRAME frisked him for weapons.  Defendant BRAME never asked Plaintiff ORR if he had weapons and lacked reasonable suspicion to believe that Plaintiff ORR was armed.

19.     Defendant BRAME performed a breathalyzer test on Plaintiff ORR, and he asked him to take a field-sobriety test.  Plaintiff ORR had left his cane on the front seat of his vehicle.  Plaintiff ORR told Defendant BRAME that he had survived a stroke which had affected his balance and caused him both to need a cane to walk and to be unable to walk in a straight line.  Defendant BRAME asked Plaintiff ORR a series of questions, all of which Plaintiff ORR answered.  Defendant BRAME stated in the arrest-investigation report that he "was able to rule out alcohol intoxication at the scene."

20.     Around this time, Defendant PLUMB drove up in a second patrol vehicle.

21.     Defendant BRAME then told Plaintiff ORR that he was placing him under arrest and that he needed to transport Plaintiff ORR to the CHP office to have someone with more experience evaluate him.  Plaintiff ORR was cooperative with this instruction that Officer BRAME was going to transport him to the CHP office.  Plaintiff ORR understood that he was not free to leave.  Defendant PLUMB approached Plaintiff ORR and insisted that he handcuff Plaintiff ORR.  Plaintiff ORR responded that the CHP officers could not handcuff him because he had no balance as a result of his stroke. Defendant PLUMB replied that if Plaintiff ORR did not let the officers cuff him, he would be going to jail.

22.     Plaintiff ORR explained again that he could not walk if he were handcuffed, due to his physical disability.  Defendant PLUMB grabbed Plaintiff ORR and punched him under the ribs, and then kicked or swept Plaintiff ORR's feet, and slammed Plaintiff ORR to the ground.  Defendant PLUMB was on one side of Plaintiff ORR, and Defendant BRAME was on the other.  One or both of the Defendants got on top of Plaintiff ORR's legs.  Plaintiff ORR had not physically resisted or threatened the officers at any time. Defendants BRAME and/or PLUMB then handcuffed Plaintiff ORR and lifted him up. Plaintiff ORR was crying.

23.     A female CHP officer arrived and drove Plaintiff ORR in her patrol vehicle to the CHP-North Sacramento Office.  Plaintiff ORR remained in handcuffs.  Upon arrival at the CHP station, a male CHP officer sat Plaintiff ORR down on a bench, removed the handcuff from Plaintiff ORR's left hand, and attached it to a metal pipe or railing on the wall.  The pipe or railing was about four to five inches from the wall and was about twelve

1  inches higher than the bench.  The Defendants left Plaintiff ORR like this—with his right

2  hand handcuffed to the wall—for about four hours.

3         24.     At some point during these four hours, CHP Officer Hannem performed a

4  drug-recognition evaluation on Plaintiff ORR.  Officer Hannem noted that Plaintiff ORR

5  "was polite and cooperative."  Officer Hannem opined in his drug-recognition evaluation

6  that Plaintiff ORR "was a medical rule-out[,]" or not under the influence of any drugs.

7  Nevertheless, at about 4:40 p.m., Defendants transported Plaintiff ORR to Sacramento

8  County Main Jail and booked him for allegedly having violated California Penal Code

9  section 148(a).

10         25.     After the Defendants booked Plaintiff ORR into jail, they placed him in a

11  holding cell where he remained for about two hours.  Then, the Defendants moved

12  Plaintiff ORR to a "release" cell where he stayed for another six hours.  The Defendants

13  did not release Plaintiff ORR until about 1:30 a.m. on August 7, 2013.  Plaintiff ORR had

14  been in Defendants' custody for approximately fourteen-and-a-half hours.

15         26.     On or about August 26, 2013, Plaintiff ORR learned that the district attorney

16  had declined to file the charge against him for allegedly violating California Penal Code

17  section 148(a).

18         27.     Plaintiff ORR sustained substantial physical and emotional injuries caused

19  by Defendants' misconduct, including, but not limited to, injuries to his hip and right leg

20  and buttocks.  Since the incident, Plaintiff ORR has sought medical treatment, on multiple

21  occasions, for the injuries he sustained.

22         28.     At all times, Plaintiff ORR behaved peacefully and lawfully.  Plaintiff ORR

23  never threatened anyone in any way, never engaged in any violence or threat of violence,

nor did he commit any criminal or non-peaceful actions.  There was never any need to use any force against Plaintiff ORR: a compliant, disabled, seventy-six-year-old man.

29.    Defendants BRAME and PLUMB subjected Plaintiff ORR to a high degree of force by punching him, slamming him to the ground and placing their weight on top of him.  The force used by the Defendants against Plaintiff ORR was unjustified and objectively unreasonable under the circumstances.

30.    Defendants BRAME and PLUMB arrested Plaintiff ORR, and their seizure of Plaintiff ORR lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

31.    At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff ORR's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

32.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff ORR sustained the following injuries and damages, past and future, among others:

    a.    Wrongful seizure and imprisonment;

    b.    Injured hip, right leg and buttocks, with deep contusions;

    c.    Pain and suffering, including emotional distress;

    d.    Medical expenses;

    e.    Violation of constitutional rights;

    f.    All compensatory and punitive damages, attorneys' fees, costs and penalties recoverable under 42 U.S.C. §§ 1983, 1988, and 12205, 29 U.S.C. § 794a, the Americans with Disabilities Act, the Rehabilitation Act, California Civil Code §§ 51.7, 52, and 52.1, California Welfare & Institutions Code § 15600 *et seq.*, California

Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

33.    Plaintiff ORR filed a timely claim, pursuant to California Government Code section 910 et seq., and the Victim Compensation and Government Claims Board rejected his claim at its meeting on January 16, 2014.

**COUNT ONE**
**— 42 U.S.C. § 1983 —**
**Against Defendants Brame, Plumb, and Does 1-10**

34.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

35.    By the actions and omissions described above, Defendants BLAME, PLUMB, and Does 1–10 violated 42 U.S.C. § 1983, depriving Plaintiff ORR of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.

36.    As a direct and proximate result of the Defendants' acts and/or omissions as set forth above, Plaintiff ORR sustained injuries and damages as set forth at paragraph 32, above.

37.    Defendants subjected Plaintiff ORR to their wrongful conduct and deprived Plaintiff ORR of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff ORR and others would be violated by their acts and/or omissions.

1  38.   The conduct of Defendants BRAME, PLUMB, and DOES 1–10 entitles

2  Plaintiff ORR to punitive damages and penalties allowable under 42 U.S.C. § 1983 and

3  California law.

4  39.   Plaintiff ORR is also entitled to reasonable costs and attorneys' fees under

5  42 U.S.C. § 1988 and applicable California codes and law.

6

7  **COUNT TWO**
   **—VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1—**
8  **Against Defendants Brame, Plumb, and Does 1-10**

9  40.   Plaintiff ORR realleges each and every paragraph in this complaint as if

10  fully set forth here.

11  41.   By their acts, omissions, customs, and policies, each Defendant acting in

12  concert/conspiracy, as described above, violated Plaintiff ORR's rights under California

13  Civil Code § 52.1, and the following clearly established rights under the United States

14  Constitution and the California Constitution:

15

16  a.  The right to be free from unreasonable searches and seizures as
        secured by the Fourth and Fourteenth Amendments;

17  b.  The right to be free from excessive and unreasonable force in the
18      course of arrest or detention as secured by the Fourth and Fourteenth
        Amendments;

19  c.  The right to reasonable accommodation for his disabilities as secured by
20      the ADA and RA;

21  d.  The right to be free from unreasonable search and seizure of one's
22      person as secured by the California Constitution, Article 1, Section 13;

23  e.  The right to be free from unreasonable or excessive force, as secured
        by the California Constitution, Article 1, Section 13;

24  f.  The right to protection from bodily restraint, harm, or personal insult, as
25      secured by California Civil Code section 43.

26

27

28

42.     Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff ORR's rights, Defendants violated Plaintiff ORR's rights by the following conduct constituting threats, intimidation, or coercion:

a.  striking, restraining, tackling, and using force against Plaintiff ORR in the absence of any threat or justification whatsoever;

b.  threatening violence against Plaintiff Orr in violation of Cal. Civil Code § 52.1(j);

c.  detaining Plaintiff ORR without reasonable suspicion;

d.  arresting Plaintiff ORR without probable cause;

e.  continuing Plaintiff ORR's arrest and custody after any probable cause that Defendants may have erroneously believed existed to justify arresting Plaintiff ORR had eroded, such that the officer's conduct became intentionally coercive and wrongful; and

f.  violating Plaintiff ORR's rights to be free from unlawful seizures by both wrongful arrest and excessive force.

43.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff ORR's rights under the United States and California Constitutions and statutes, Plaintiff ORR sustained injuries and damages and is entitled to relief as set forth above at paragraphs 32 and 36–39, and all damages allowed by California Civil Code §§ 52, 52.1 and California law, including but not limited to costs, attorneys' fees, treble damages, and civil penalties.

**COUNT THREE**
**—VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.7—**
**Against Defendants Brame, Plumb, and Does 1-10**

44.    Plaintiff ORR realleges each and every paragraph in this complaint as if fully set forth here.

45.    By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff ORR's rights secured by California Civil Code § 51.7 to be free from any violence, or intimidation by threat of violence, committed against his person or property because of his age and/or disability.

46.    As a direct and proximate result of Defendants' violation of California Civil Code § 51.7, Plaintiff ORR sustained injuries and damages, and is entitled to relief as set forth above at paragraphs 32 and 36–39, and all damages allowed by California Civil Code §§ 51.7, 52, 52.1, and California law, including but not limited to attorneys' fees, costs, treble damages, and civil penalties.

**COUNT FIVE**
**—ASSAULT AND BATTERY—**
**Against Defendants Brame, Plumb, and Does 1-10**

47.    Plaintiff ORR realleges each and every paragraph of this complaint as if set forth here.

48.    The actions, omissions, customs, and policies of Defendants, as described above, were intentional and/or reckless, harmful, threatening and/or offensive, and a proximate cause of Plaintiff ORR's damages.

49.     As a direct and proximate result of Defendants' assault and battery, Plaintiff ORR sustained injuries and damages, and is entitled to relief as set forth above at paragraphs 32 and 36–39.

## COUNT SIX
## —NEGLIGENCE; PERSONAL INJURIES—
### Against Defendants Brame, Plumb, and Does 1-10

50.     Plaintiff ORR realleges each and every paragraph in this complaint as if fully set forth here.

51.     At all times, each Defendant owed Plaintiff ORR the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52.     At all times, each Defendant owed Plaintiff ORR the duty to act with reasonable care.

53.     These general duties of reasonable care and due care owed to Plaintiff ORR by all Defendants include but are not limited to the following specific obligations:

    a.    to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff ORR;

    b.    to refrain from causing Plaintiff ORR to be wrongfully searched, arrested and/or detained;

    c.    to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

    d.    to refrain from abusing their authority granted them by law;

    e.    to refrain from violating Plaintiff ORR's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

54.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff ORR.

1   55.   As a direct and proximate result of Defendants' negligence, Plaintiff ORR

2   sustained injuries and damages, and is entitled to relief as set forth above at paragraphs

3   32 and 36–39.

4

5   **COUNT SEVEN**

6   **—CALIFORNIA WELFARE & INSTITUTIONS CODE § 15610.07 (ELDER ABUSE)—**
    **Against Defendants Brame, Plumb, and Does 1-10**

7

8   56.   Plaintiff ORR realleges each and every paragraph in this complaint as if

9   fully set forth here.

10  57.   By their acts, omissions, customs, and policies, each Defendant acting in

11  concert/conspiracy, as described above, violated Plaintiff ORR's rights under California

12  Welfare & Institutions Code § 15610.07(a) to be free of physical abuse, neglect, financial

13  abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm

14  or pain or mental suffering.

15

16  58.   As a direct and proximate result of Defendants' violation of California

17  Welfare & Institutions Code § 15610.07(a), Plaintiff ORR sustained injuries and damages,

18  and is entitled to relief as set forth above at paragraphs 32 and 36–39, and all damages

19  allowed by California Civil Code § 15600 et seq., and California law, including but not

20  limited to attorneys' fees, costs, civil penalties and punitive damages.

21

22

23  **COUNT EIGHT**
    **—FALSE ARREST OR IMPRISONMENT—**
    **Against Defendants Brame, Plumb, and Does 1-10**

24

25  59.   Plaintiff ORR realleges each and every paragraph in this complaint as if

26  fully set forth here.

27

28

60.    At no time during the events described above, or at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff ORR, nor did Defendants have any facts or information that constituted probable cause that Plaintiff ORR had committed or was about to commit a crime.

61.    Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff ORR, putting restraint on Plaintiff ORR's freedom of movement, and compelled Plaintiff ORR to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff ORR's unlawful arrest.

62.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff ORR sustained injuries and damages and is entitled to relief as set forth at paragraphs 32 and 36–39, above.

**COUNT NINE
– VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (TITLE II)
AND REHABILITATION ACT (RA)
Against Defendants CHP and State of California**

63.    Plaintiff ORR realleges each and every paragraph in this complaint as if fully set forth here.

64.    Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

65.    The ADA, 42 United States Code § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the

1   basis of a disability or disabilities of such individual or class, directly, or through

2   contractual licensing, or other arrangements, with a good, service, facility, privilege,

3   advantage, or accommodation that is different or separate from that provided to other

4   individuals."  (emphasis added).

5        66.    Plaintiff ORR was a "qualified individual" with a disability and medical

6   impairments that limited and/or substantially limited his ability to care for himself and

7   control his mental, medical or physical health condition as defined under the ADA, 42

8   United States Code section 12131(2), and Section 504 of the Rehabilitation Act ("RA") of

9   1973.  29 U.S.C. § 794, 28 C.F.R. 42.540(k).

10       67.    Defendants CHP and State of California are public entities whose services,

11  programs, and/or activities are covered under and governed by the ADA and RA, and

12  regulations promulgated under each of these laws.

13       68.    Defendants are within the mandate of the RA that no person with a

14  disability may be "be excluded from participation in, be denied benefits of, or be

15  subjected to discrimination under any program or activity."  29 U.S.C. § 794.

16       69.    Further, Plaintiff is informed and believes and thereon alleges that

17  Defendants CHP and State of California receive federal financial assistance.

18       70.    Under the ADA, Defendants CHP and State of California are mandated to

19  "develop an effective, integrated, comprehensive system for the delivery of all services to

20  persons with mental disabilities and developmental disabilities . . ." and to ensure "that

21  the personal and civil rights" of persons who are receiving services under their aegis are

22  protected.

71.     Also under the ADA, Defendants CHP and State of California are mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  The ADA applies generally to law enforcement "services, programs, or activities."  42 U.S.C. § 12132.  The ADA applies to arrests.

72.     At all material times and as described herein, Plaintiff ORR: (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including Defendants CHP's and State of California's law enforcement services, programs, or activities; (3) was either excluded from participation in or denied the benefits of Defendants CHP's and State of California's services, programs or activities or was otherwise discriminated against by Defendant CHP; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability.

73.     As described herein, Defendants CHP and State of California failed to reasonably accommodate Plaintiff ORR's disability, including stroke with significant limitations in the ability to speak clearly, move, walk, or stand without assistance, in the course of contacting and seizing him, causing him to suffer greater injury in the process than other arrestees.

74.     As a direct and proximate result of Defendant CHP's and State of California's violations of the ADA and RA, Plaintiff ORR sustained substantial injuries and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 32 and 36–39, above.

1

2

WHEREFORE, Plaintiff ORR respectfully requests the following relief against each and every Defendant herein, jointly and severally:

3

4

        a.      compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

5

6

7

        b.      punitive damages against the individual Defendants (excluding CHP and the State of California) under 42 United States Code § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

8

9

10

11

        c.      all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 United States Code §§ 1983, 1988, and 12205, and Title II of the ADA, 29 U.S.C. §§ 794 and 794a California Civil Code §§ 51.7, 52, and 52.1, California Code of Civil Procedure § 1021.5, California Welfare & Institutions Code § 15600 et seq., and as otherwise may be allowed by California and/or federal law;

12

        d.      such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

13

14

15

16

**PLAINTIFF ORR HEREBY DEMANDS TRIAL BY JURY OF ALL MATTERS SO TRIABLE.**

17

18

DATED:  March 19, 2014           HADDAD & SHERWIN

19

20

                      /s/ Michael J. Haddad

21

                      MICHAEL J. HADDAD
                      Attorneys for Plaintiff

22

23

24

25

26

27

28