MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
HARRISON LUTHER ORR

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON LUTHER ORR, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA HIGHWAY PATROL, a public entity; STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL OFFICERS BRAME, PLUMB, and DOES 1-10, individually, <br><br> Defendants. | Case No. 2:14-cv-0585-WBS-EFB <br><br> (~~PROPOSED~~) ORDER RE: PLAINTIFF'S MOTION TO QUASH AND PLAINTIFF'S MOTION TO COMPEL |

Plaintiff Harrison Orr's Motion to Quash and Motion to Compel came on for noticed hearing before the Honorable Edmund F. Brennan, United States Magistrate Judge, on August 27, 2014, at 10:00 a.m. in Courtroom 8, United States District Court, Sacramento, California.  Michael J. Haddad and Genevieve K. Guertin appeared on behalf of Plaintiff Harrison Orr.  Stephen Pass and James Walter appeared on behalf of Defendants.

Having reviewed the submissions, considered the relevant authorities, and listened to oral argument at the hearing, the Court hereby orders the following:

### Stipulated Protective Order

The parties shall meet and confer to stipulate to a Protective Order that shall be operative in this matter.

If the parties are still at impasse after their meet and confer efforts, the parties shall bring the disputed matter(s) to the Court.  The parties are advised to bring only substantive matters of disagreement before the Court.

The parties shall submit a Proposed Stipulated Protective Order, or substantive matters of disagreement regarding the Proposed Protective Order, to the Court by no later than **September 3, 2014**.

### Motion to Quash Defendants' Subpoenas to Plaintiff's Health Care Providers

With respect to records of mental health treatment, the Court finds that Plaintiff has not waived the psychotherapist-patient privilege by bringing claims of garden variety emotional distress in this matter.  Defendants are not entitled to discovery of Plaintiff's mental health records.

With respect to records of medical treatment, the Court finds that Plaintiff has put his physical condition at issue in this matter, and Defendants are therefore entitled to discovery of Plaintiff's medical records as subpoenaed from January 2008 to the present from the Mercy San Juan Medical Center, the Veterans Administration Hospital in Sacramento, and the Sacramento Fire Department.

Because records of mental health treatment may be contained within the above-described medical records, counsel for the parties shall meet and confer regarding such records of mental health treatment according to the following procedure:

1. Following the Court's entry of a Protective Order in this matter, the subpoenaed medical providers shall provide the requested medical records to Defendants' counsel in a sealed envelope, which Defendants' counsel will not open.

2. Counsel for the parties shall then meet in person, jointly open the subpoenaed medical records and together will review the records and meet and confer regarding what records may constitute non-discoverable records of mental health treatment.

3. If the nature of any records is disputed and the parties cannot resolve this dispute by meet and confer efforts, then such disputed records shall be presented to the Court for *in camera* review.

**Motion to Compel Production of Documents**

The Court makes the following rulings with respect to Plaintiff's Requests for Production listed below:

Request for Production **No. 1**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

To the extent that responsive documents do not or no longer exist, including audio recordings from the date of Plaintiff's arrest, Defendants shall produce a verification signed by an individual with personal knowledge that a search was done for responsive documents/recordings, what that search consisted of, that documents/recordings do not or no longer exist, what happened to such documents and/or audio recordings and why they do not exist. A search for such responsive documents and/or audio recordings shall include a search for back-up files of such documents or recordings. Defendants shall produce this verification by no later than **September 10, 2014**.

Request for Production **No. 3**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

To the extent that responsive documents do not or no longer exist, Defendants shall produce a verification signed by an individual with personal knowledge that a search was done for responsive documents, what that search consisted of, that documents do not or no longer exist, what happened to such documents and why they do not exist.  A search for such responsive documents shall include a search for back-up files of such documents or recordings.  Defendants shall produce this verification by no later than **September 10, 2014**.

Request for Production **No. 4**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request.  A privilege log is necessary so that the Court can assess Defendants' claims of privilege.  Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 5**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request.  A privilege log is necessary so that the Court can assess Defendants' claims of privilege.  Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 6**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request. A privilege log is necessary so that the Court can assess Defendants' claims of privilege. Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 7**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

Request for Production **No. 8**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request. A privilege log is necessary so that the Court can assess Defendants' claims of privilege. Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 9**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request. A privilege log is necessary so that the Court can assess Defendants' claims of privilege. Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 10**:

Defendants have not submitted a privilege log with regards to the documents withheld in response to this Request. A privilege log is necessary so that the Court can assess Defendants' claims of privilege. Defendants shall file and serve a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), and identifies with specificity the types of documents Defendants are withholding in response to this Request and the corresponding basis so that the claim(s) of privilege may be assessed, by no later than **September 10, 2014**.

Request for Production **No. 11**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

Request for Production **No. 12**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

Request for Production **No. 14**:

Documents responsive to this Request are discoverable. Excluding correspondence between Defendants and their counsel for purposes of representation and communication regarding the defense in this case, Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

To the extent that responsive documents do not exist, Defendants shall produce a verification signed by an individual with personal knowledge that a search was done for responsive documents, what that search consisted of, that documents do not exist, and why they do not exist. A search for such responsive documents shall include a search for back-up files of such documents. Defendants shall produce this verification by no later than **September 10, 2014**.

Request for Production **No. 15**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

To the extent that responsive documents do not or no longer exist, Defendants shall produce a verification signed by an individual with personal knowledge that a search was done for responsive documents, what that search consisted of, that documents do not or no longer exist, what happened to such documents and why they do not exist.  A search for such responsive documents shall include a search for back-up files of such documents or recordings.  Defendants shall produce this verification by no later than **September 10, 2014**.

Request for Production **No. 17**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**.

To the extent that responsive documents do not or no longer exist, Defendants shall produce a verification signed by an individual with personal knowledge that a search was done for responsive documents, what that search consisted of, that documents do not or no longer exist, what happened to such documents and why they do not exist.  A search for such responsive documents shall include a search for back-up files of such documents or recordings.  Defendants shall produce this verification by no later than **September 10, 2014**.

Request for Production **No. 18**:

Plaintiff withdraws his Motion to Compel as to Request No. 18.

Request for Production **No. 19**:

Plaintiff withdraws his Motion to Compel as to Request No. 19.

Request for Production **No. 20**:

Plaintiff withdraws his Motion to Compel as to Request No. 20.

Request for Production **No. 23**:

 Defendant CHP shall provide a verification, signed by an individual with personal knowledge, stipulating that CHP did receive federal financial assistance in terms of grants. Defendants shall provide this by no later than **September 10, 2014**.

Request for Production **No. 24**:

 Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **September 10, 2014**. Specifically, Defendants shall produce documents relating to all CHP Americans with Disabilities Act (ADA) and/or Rehabilitation Act (RA) policies, procedures, and training with respect to arrestees, prisoners and/or detainees in custody, and with respect to arrestees, prisoners and/or detainees in custody at any station house and/or jail in which Plaintiff was held in custody during the incident at issue in this matter.

 To the extent that such policies, procedures, and training do not exist, Defendants shall provide a verification, signed by an individual with personal knowledge, stipulating that such policies, procedures, and training do not exist.   Defendants shall produce this verification by no later than **September 10, 2014**.

IT IS SO ORDERED.

Dated: September 2, 2014.

           _____
           EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:

DATED: August 29, 2014						HADDAD & SHERWIN

												By:  */s/ Genevieve K. Guertin*
												_____
												GENEVIEVE K. GUERTIN
												Attorneys for Plaintiff


DATED: August 29, 2014						ATTORNEY GENERAL OF CALIFORNIA

												By:  */s/ James Walter*
												_____
												STEPHEN C. PASS, JAMES WALTER
												Attorney for Defendants
												CALIFORNIA HIGHWAY PATROL,
												STATE OF CALIFORNIA, OFFICERS
												BRAME, PLUMB, and DOES 1-10