KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
STEPHEN C. PASS, State Bar No. 131179
Deputy Attorney General
JAMES W. WALTER, State Bar No. 173481
Deputy Attorney General
   1300 I Street, Suite 125
   P.O. Box 944255
   Sacramento, CA 94244-2550
   Telephone:  (916) 322-2558
   Fax:  (916) 322-8288
   E-mail:  Stephen.Pass@doj.ca.gov
*Attorneys for Defendants State of California, appearing by and through the California Highway Patrol, CHP Officer Brame and CHP Officer Plumb*

MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
HARRISON LUTHER ORR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON LUTHER ORR, Individually, ) <br><br> Plaintiff, ) <br> vs. ) <br><br> CALIFORNIA HIGHWAY PATROL, a public ) entity; STATE OF CALIFORNIA, a public ) entity; CALIFORNIA HIGHWAY PATROL ) OFFICERS BRAME, PLUMB, and DOES 1-10, ) individually, ) <br><br> Defendants. ) <br> ) | Case No. 2:14-cv-0585-WBS-EFB <br><br> ~~PROPOSED~~ PROTECTIVE ORDER |

The parties stipulate to the following protective order:

1.      **PURPOSES AND LIMITATIONS**

        Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      **PROTECTED DOCUMENTS**

        a.      Documents in the following categories obtained through discovery or investigation are Protected Documents to which this order applies:  Medical records of any party or witness; CHP personnel files

        b.      Other items may be included as Protected Documents for purposes of this order by agreement of the parties or by court order on noticed motion.

3.      **PROTECTIONS**

        All Protected Documents shall be used solely for the purpose of either prosecuting or defending the present lawsuit.  They shall not be disclosed to or utilized by anyone other than the parties' attorneys, their staffs, and experts or consultants who are either retained by the parties or

are witnesses in the present lawsuit.  All copies of Protected Documents obtained for purposes of litigation shall be destroyed within 90 days after the lawsuit is finally concluded.  At the request of any party, the parties shall agree to have any Protected Documents filed under seal pursuant to the applicable court rules.  All parties shall provide copies of this order to their consultants, experts and staff who are reading or are otherwise using Protected Documents.

4.      **DESIGNATING PROTECTED MATERIAL**

a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items or communications (for which protection is not warranted) are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

b.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 3.b.1, below), or as otherwise stipulated or ordered, material that

qualifies for protection under this Order must be clearly so designated before the material is

disclosed or produced.  Designation in conformity with this Order requires:

1.      for information in documentary form (apart from transcripts of depositions or other

pretrial or trial proceedings), that the producing Party affix the legend "CONFIDENTIAL" at the

top of each page that contains protected material.  If only a portion or portions of the material on a

page qualifies for protection, the producing party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

portion that it is "CONFIDENTIAL."

2.      Any CONFIDENTIAL documents attached as exhibits to deposition transcripts

shall remain CONFIDENTIAL notwithstanding the fact they are part of the record in this case.

The party claiming that any document marked as an exhibit should be designated as confidential in

any deposition shall request that it be so noted. The party not claiming that the document in

question is confidential may dispute this claim and challenge this status as provided in Section 5

of this agreement, however all documents will be considered confidential until the court orders

otherwise. Within 60 days of the conclusion of this case, all exhibits to deposition transcripts

denoted as confidential shall be destroyed. The party who noticed the deposition shall inform the

court reporter who transcribed the deposition testimony to destroy any exhibits denoted as

confidential within 60 days of the conclusion of the lawsuit. Should any third party attempt to

formally obtain a copy of the transcript under the California Code of Civil Procedure before the

conclusion of this lawsuit, the parties stipulate that any exhibits denoted as confidential shall not

be produced with the transcript.

3.      for information produced in some form other than documentary, and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only

portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

c.        <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate

qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material.  If material is

appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

that the material is treated in accordance with this Order.

5.        **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.        <u>Timing of Challenges</u>.  Unless a prompt challenge to a designating Party's confidentiality

designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right

to challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

b.        <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a designating Party's

confidentiality designation must do so in good faith and must begin the process by conferring

directly either in person or by telephone.  In conferring, the challenging Party must explain the

basis for its belief that the confidentiality designation was not proper and must give the

designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first.

c.        <u>Judicial Intervention</u>.  If disagreements remain regarding a designation, the parties shall

file a Joint Discovery Dispute Statement under Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable). The party challenging a confidentiality designation may file a Joint Discovery Dispute Statement challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. **Lead trial counsel for both parties must sign the statement**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. Going issue-by-issue, the joint statement shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue. The joint letter shall not exceed ten pages without leave of court. **Parties are expected to plan for and cooperate in preparing the joint statement so that each side has adequate time to address the arguments.** In the rare instance that a joint statement is not possible, each side may submit a statement not to exceed four pages, which shall include an explanation of why a joint statement was not possible. The parties shall submit one exhibit to the statement that only sets forth each disputed designation in full, followed immediately by the objections and/or responses thereto. No other information shall be included in any such exhibit. No other exhibits shall be submitted without prior approval by the court. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. **Until the court rules on the challenge, all parties shall continue to treat the material in question as "CONFIDENTIAL."**

6.     **REMEDIES**

       Any party believing that this order is being violated may move for a court order of

enforcement.  The motion shall be subject to all local rules governing motions concerning

discovery disputes, including but not limited to meet and confer requirements.  Said motion may

be brought at any time up to final entry of judgment in this matter.

7.     **MISCELLANEOUS**

       a.     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

       b.     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to assert privilege or to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated

Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence

any of the material covered by this Protective Order.

       The parties respectfully request that this Court approve this protective order.

Dated:  August 27, 2014                          KAMALA D. HARRIS
                                                 Attorney General of California
                                                 PETER A. MESHOT
                                                 Supervising Deputy Attorney General


                                                 */s/  Stephen C. Pass*

                                                 STEPHEN C. PASS
                                                 Deputy Attorney General
                                                 *Attorneys for Defendants California*
                                                 *Highway Patrol, CHP Officer Brame and*
                                                 *CHP Officer Plumb*

Dated:  August 29, 2014                    HADDAD & SHERWIN

                                           /s/  Genevieve K. Guertin
                                           GENEVIEVE K. GUERTIN
                                           Attorneys for Plaintiff Harrison Luther Orr


                          (PROPOSED) ORDER


       Pursuant to stipulation of the parties and good cause appearing therefore, IT IS SO

ORDERED.


Dated:  September 2, 2014.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE