MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
HARRISON LUTHER ORR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON LUTHER ORR, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA HIGHWAY PATROL, a public entity; STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL OFFICERS BRAME, PLUMB, and DOES 1-10, individually, <br><br> Defendants. | Case No. 2:14-cv-0585-WBS-EFB <br><br> **(PROPOSED) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (SECOND) DEPOSITIONS, DOCUMENTS AND FOR SANCTIONS** |

Plaintiff Harrison Orr's Motion to Compel came on for noticed hearing before the Honorable Edmund F. Brennan, United States Magistrate Judge, on November 12, 2014, at 10:00 a.m. in Courtroom 8, United States District Court, Sacramento, California.  Genevieve K. Guertin appeared on behalf of Plaintiff Harrison Orr.  Stephen Pass and James Walter appeared on behalf of Defendants.

Having reviewed the submissions, considered the relevant authorities, and listened to oral argument at the hearing, the Court hereby orders the following:

### Depositions of Defendants Jay Brame and Terrance Plumb

The Court makes the following rulings with respect to Plaintiff's Motion to Compel Depositions of Defendants Brame and Plumb:

(1)     Defendants Brame and Plumb must answer the questions presented in the Joint Statement of Discovery Dispute Re: Plaintiff's Motion to Compel (Second) (identified as Instructions Not to Answer 1-29) that they were instructed not to answer, and any related follow-up questions, at reconvened depositions.  These depositions shall take place between November 30, 2014 and December 15, 2014.

(2)     Counsel for Defendants are not to give any further improper instructions not to answer, nor make any further improper speaking objections at the reconvened depositions of Defendants Brame and Plumb.

### Sanctions

Defendants and/or their attorneys shall pay sanctions for Defense counsel's improper instructions not to answer and improper speaking objections during Defendants Brame's and Plumb's depositions.  Specifically, Defendants and/or their attorneys shall pay the entire cost of the additional videotaped depositions of Defendants Brame and Plumb, including for the videographer, court reporter, and for copies of transcripts and videos in the same format as previously ordered by Plaintiff.  Counsel for Plaintiff shall submit a declaration describing the costs incurred in conducting the reconvened depositions after they are completed.  Counsel for

2:14-cv-0585-WBS-EFB: (PROPOSED) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (SECOND) DEPOSITIONS, DOCUMENTS AND FOR SANCTIONS                                                                                    1

1  Defendants shall then submit a counter-declaration regarding these costs within 7 days of the
2  submission of Plaintiff's declaration.
3      The Court defers awarding attorney's fees at this time based on Plaintiff's representation
4  that Plaintiff will seek reasonable attorney's fees for the depositions and in connection with the
5  Motion to Compel Depositions in the event that he prevails at trial in this matter.

**Production of Documents**

The Court makes the following rulings with respect to Plaintiff's Requests for Production, Set One, listed below:

Request for Production **No. 1**:

Plaintiff's RFP No. 1 included a request for all audio and/or computer-aided dispatch recordings, as well as electronically-stored data relating to Plaintiff's arrest.

This Court's September 3, 2014 Order addressed a missing audio recording of the subject incident and required Defendants to "produce a verification signed by an individual with personal knowledge that a search was done for responsive documents/recordings, what that search consisted of, that documents/recordings do not or no longer exist, what happened to such documents and/or audio recordings and why they do not exist.  A search for such responsive documents and/or audio recordings shall include a search for back-up files of such documents or recordings.  Defendants shall produce this verification by no later than **September 10, 2014**." (Doc. No. 29).

Defendants shall comply with the September 3, 2014 Order and produce a verification, signed under penalty of perjury by an individual with personal knowledge regarding the search for responsive documents and/or audio recording, and shall describe the search and status of documents and/or recordings as described above and in the September 3, 2014 Order.  Defendants shall produce this verification by no later than **November 19, 2014**.

2:14-cv-0585-WBS-EFB: (PROPOSED) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (SECOND) DEPOSITIONS, DOCUMENTS AND FOR SANCTIONS                        2

Request for Production **No. 4**:

Documents responsive to this Request are discoverable and include Defendant Brame and Plumb's performance evaluations, disciplinary records and any internal affairs investigation documents (including un-sustained as well as sustained complaints) going back seven years before the subject incident to the present.  Documents responsive to this Request also include the following, as described in Defendants' Privilege Log:

For Defendant Plumb:

No. 23 - Defendant Plumb's 2012-2013 Performance Appraisal
No. 24 - Defendant Plumb's Field Personnel folder annual review
No. 25 - Officers Evaluation/activity summaries (one per month 11/12-11/13)
No. 27 - Field Personnel Folder Annual Review
No. 28 - 5/29/2012 Incident Report
No. 31 - Officers Evaluation/Activity summaries (one per month 11/10-11/12)
No. 32 - Performance Appraisal 2009-2010
No. 33 - Officers Evaluation/Activity summaries (one per month 11/09-10/10)
No. 62-64 - Performance Appraisals 2008, 2009, 2010

For Defendant Brame:

No. 13 - Incident Report for 5/6/13
No. 14 - Performance Appraisal 2012-2013
No. 15 - Field Personnel Folder Annual Review 2013
No 16 - Officer's Evaluation Activity Summary (one per month 11/12-10/13)
No. 19 - Performance Appraisal 11/11 - 11/12
No. 20 - Officer's Eval/activity summary 1/11-10/12
No. 23 - Performance Appraisal 2009-2010
No. 24 - Field Personnel folder annual review 2011
No. 25 - Officer's evaluation/activity summary (one per month 11/09-11/10)
No. 48 - Folder containing documents re: occupational injuries/incidents
No. 52 - Notice of salary overpayments
No. 53 - Field Performance Annual Review 2011
No. 54 - Officer's evaluation/activity summaries (2/11 - 10/11)

Defendants shall produce all documents responsive to this Request by no later than **November 19, 2014**.

Request for Production **No. 5**:

Documents responsive to this Request are discoverable and Defendants shall produce all documents responsive to this Request by no later than **November 19, 2014**.

Request for Production **No. 7**:

Documents responsive to this Request are discoverable and include training course materials, training manuals, Power Point presentations, course agenda and topics, and/or training bulletins and updates, including those used by the CHP academy, on the topics listed in Request for Production No. 7(a) - (w). Defendants shall produce all documents responsive to this Request by no later than **November 19, 2014**.

Request for Production **No. 8**:

Documents responsive to this Request are discoverable and include Defendant Brame and Plumb's performance evaluations, disciplinary records and any internal affairs investigation documents (including un-sustained as well as sustained complaints) going back seven years before the subject incident to the present. Documents responsive to this Request also include the following, as described in Defendants' Privilege Log:

For Defendant Plumb:

No. 23 - Defendant Plumb's 2012-2013 Performance Appraisal
No. 24 - Defendant Plumb's Field Personnel folder annual review
No. 25 - Officers Evaluation/activity summaries (one per month 11/12-11/13)
No. 27 - Field Personnel Folder Annual Review
No. 28 - 5/29/2012 Incident Report
No. 31 - Officers Evaluation/Activity summaries (one per month 11/10-11/12)
No. 32 - Performance Appraisal 2009-2010
No. 33 - Officers Evaluation/Activity summaries (one per month 11/09-10/10)
Nos. 44-47 - Documents re: receipt of policies
No. 48-49 - Folder containing documents re: occupational injuries/incidents
No. 52 - purchase of off-duty weapon
No. 53 - Consideration for Critical incident Investigation Team and Resume
No. 62-64 - Performance Appraisals 2008, 2009, 2010

2:14-cv-0585-WBS-EFB: (PROPOSED) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (SECOND) DEPOSITIONS, DOCUMENTS AND FOR SANCTIONS      4

For Defendant Brame:

No. 1 - Service Record
No. 13 - Incident Report for 5/6/13
No. 14 - Performance Appraisal 2012-2013
No. 15 - Field Personnel Folder Annual Review 2013
No 16 - Officer's Evaluation Activity Summary (one per month 11/12-10/13)
No. 19 - Performance Appraisal 11/11 - 11/12
No. 20 - Officer's Eval/activity summary 1/11-10/12
No. 23 - Performance Appraisal 2009-2010
No. 24 - Field Personnel folder annual review 2011
No. 25 - Officer's evaluation/activity summary (one per month 11/09-11/10)
No. 28 - Receipt of inconsistent and incompatible activities statement
Nos. 30, 33, 36, 37, 38, 39, 41, 43, 46, 47 - documents re: receipt of policies
No. 48 - Folder containing documents re: occupational injuries/incidents
No. 52 - Notice of salary overpayments
No. 53 - Field Performance Annual Review 2011
No. 54 - Officer's evaluation/activity summaries (2/11 - 10/11)
No. 61 - Performance Appraisal 2002-2003

Defendants shall produce all documents responsive to this Request by no later than **November 19, 2014**.

Request for Production **No. 11**:

Documents responsive to this Request are discoverable and include, **but are not limited to** the following CHP policy and/or training documents, in their entirety:

Officer Safety Manual (No. 70.6)
Departmental Training Manual (No. 70.13)
General Law Enforcement Manual (No. 100.69)
Peace Officer Standards and Training (No. 70.14)
Professional Values (No. 0.8)

Documents responsive to this Request include **all** CHP policies, manuals and/or general orders regarding the topics listed in Request for Production No. 11(a)-(aa), including Use of Force, DUIs, Detentions, Tackling/Leg Sweeps (also known as "personal body weapons"), Control Holds, Identifying/Handling Intoxicated Persons, Field Sobriety Testing/Assessment of Testing for Narcotics/Alcohol, Traffic Stops, Contacts with and/or Procedures Concerning Persons with Disabilities, Contacts with Elderly, Frail or Physically Impaired Persons, Report

2:14-cv-0585-WBS-EFB: (PROPOSED) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (SECOND) DEPOSITIONS, DOCUMENTS AND FOR SANCTIONS   5

Procedures/Requirements, Truthfulness, Decorum, Code of Silence, Citizen Complaint and/or Misconduct Investigation Procedures.

Defendants shall produce all documents responsive to this Request by no later than **November 19, 2014**.

Request for Production **No. 24**:

Documents responsive to this Request are discoverable and Defendants shall produce any outstanding documents responsive to this Request by no later than **November 19, 2014**. Specifically, Defendants shall produce documents relating to all CHP Americans with Disabilities Act (ADA) and/or Rehabilitation Act (RA) policies, procedures, and training with respect to arrestees, prisoners and/or detainees in custody, and with respect to arrestees, prisoners and/or detainees in custody at any station house and/or jail in which Plaintiff was held in custody during the incident at issue in this matter.

To the extent that such policies, procedures, and training do not exist, Defendants shall comply with this Court's September 3, 2014 Order and provide a verification, signed under penalty of perjury by an individual with personal knowledge, stipulating that such specific policies, procedures, and training do not exist.   Defendants shall produce this verification by no later than **November 19, 2014**.

### **Modification of Scheduling Order**

Fact discovery ended in this matter on November 7, 2014.  Plaintiff must complete the depositions of Defendants Brame and Plumb, as well as other previously-noticed witness depositions.  Additionally, further discovery may be needed after the depositions of Defendants and upon review of documents produced as ordered, *supra*.  Accordingly, the Court amends the Scheduling Order as follows:

The Non-Expert Discovery Cut-Off is continued from November 7, 2014 to **January 15, 2015**.

The last day to file dispositive motions is continued from December 15, 2014 to **February 12, 2015**.

All other dates in this matter shall remain unchanged.

IT IS SO ORDERED.

Dated:   November 14, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:

DATED: November 13, 2014            HADDAD & SHERWIN

By:  /s/ Genevieve K. Guertin
_____
GENEVIEVE K. GUERTIN
Attorneys for Plaintiff


DATED: November 13, 2014            ATTORNEY GENERAL OF CALIFORNIA

By:  /s/ Stephen C. Pass
_____
STEPHEN C. PASS
Attorney for Defendants
CALIFORNIA HIGHWAY PATROL,
STATE OF CALIFORNIA, OFFICERS
BRAME, PLUMB, and DOES 1-10