UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HARRISON ORR, individually,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, a public entity; STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL OFFICERS BRAME, PLUMB, and DOES 1-10 individually;<br><br>Defendants. | No. 2:14-cv-585 WBS EFB<br><br><u>ORDER RE: ATTORNEY'S FEES AND EXPENSES ON REMAND</u> |

----oo0oo----

This excessive force case is back before the court for the second time on remand from the Ninth Circuit for recalculation of attorney's fees. In light of the Ninth Circuit's decisions, the court orders as follows:

(1) The appropriate lodestar amount for fees incurred prior to the first appeal of this case is $423,575, for the reasons discussed in the court's December 22, 2015 and October 3,

2018 orders (Docket Nos. 203, 250).

(2) Plaintiff is entitled to this entire lodestar amount, without any reduction, as ordered by the Ninth Circuit (Docket No. 259).

(3) The court previously determined that plaintiff is entitled to $30,360 for "fees on fees" incurred prior to appeal, for 75.9 hours of attorney work, at a rate of $400 per hour. The court reaffirms this prior determination, for the reasons discussed in the court's 2015 and 2018 orders. The court now determines that, in accordance with the Ninth Circuit's orders, plaintiff is also entitled to fees on fees for the hours the court previously deducted -- 50 hours for Richard M. Pearl, 4 hours for Michael J. Haddad, and 4 hours for Julia Sherwin. At the $400 rate previously awarded by this court, and affirmed by the Ninth Circuit, for fees on fees prior to the first appeal, plaintiff is entitled to an additional $23,200 in fees on fees. Overall, plaintiff is entitled to a total of $53,560 in fees on fees prior to his first appeal.

(4) The court previously determined that plaintiff was entitled to $28,676.57 for expenses incurred prior to the first appeal. However, in awarding this amount, after disallowing and reducing certain expenses, the court reduced the remaining expenses by 25% due to plaintiff's limited success. (Docket No. 203 at 33-37.) In light of the Ninth Circuit's orders in this case, the court now determines that plaintiff is entitled to the 25% portion of expenses the court deducted due to limited success. Accordingly, the court awards $38,235.43 in expenses for work done prior to plaintiff's first appeal.

2

(5) Plaintiff is entitled to fees for his counsel's work after the first remand of this case and before the second appeal, for work performed by Pearl (59.95 hours), Haddad (28.3 hours), and Teresa Allen (11.5 hours), for the reasons discussed by plaintiff's memoranda dated June 4, 2018 and August 31, 2018 (Docket Nos. 239, 247).

The Ninth Circuit has explained that "[d]etermining the number of hours reasonably expended requires 'considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.'" Vargas v. Howell, No. 18-15513, 2020 WL 562285, at *2, --- F.3d ---- (9th Cir. 2020) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). Here, this court cannot imagine that any private client would be willing to pay an attorney for almost 100 hours briefing attorney's fees on remand after such issue was already thoroughly briefed before the first appeal. Nevertheless, the Ninth Circuit's order that plaintiff's counsel "should be compensated for litigating any issue fairly subsumed in the lodestar calculation, including the extent of Orr's success, as well as issues that arose only after Orr I was decided, such as the time spent litigating the reasonable 2018 rates" precludes any reduction to the 99.75 hours requested by plaintiff's counsel for work on remand prior to the second appeal.

(6) Plaintiff is entitled to fees for his counsel's work after the first remand of this case and before the second appeal, at a rate of $580 per hour for Pearl, $580 per hour for Haddad, and $380 per hour for Teresa Allen, for the reasons discussed by plaintiff's memoranda dated June 4, 2018 and August

3

31, 2018 (Docket Nos. 239, 247). Applying these rates to the hours allowed for these attorneys, plaintiff is entitled to $55,555 for attorney's fees for work done after the first remand prior to the second appeal.

This court's finding in its Order of December 22, 2015 that $400 per hour was a reasonable rate of compensation for work performed by Haddad and Sherwin before the first remand was affirmed by the Ninth Circuit. In subsequently awarding them and Pearl an additional $30 per hour for the work performed after the first remand and before the second appeal, this court explained that the enhancement was to compensate plaintiff's lead counsel for the increase in their rates since 2015. The Ninth Circuit found this to be an insufficient explanation. Frankly, this court is unable to provide any better explanation than that set forth in its two orders. As stated, the enhancement, which amounted to a 7.5% increase, was consistent with the increase in counsel's stated rates, and it seemed more than adequate to adjust for inflation.

While the court has endeavored to provide the requisite concise and clear explanation for its fee awards, the Ninth Circuit's serial rejection of the fee awards in this case leaves the court unable to articulate any reason for the rates and number of hours for fees on fees on remand other than to simply rely on plaintiff's briefing and declarations to justify Pearl's rate of $580 per hour, Haddad's rate of $580 per hour, and Allen's rate of $380 per hour for work on remand. Hopefully, this will spare all concerned the burden of a third appeal on plaintiff's attorney's fees. "The larger the difference between

4

the fee requested and the fees awarded, the more specific articulation of the court's reasoning is expected." Vargas, 2020 WL 562285, at *3 (citation and internal punctuation omitted).[1]

(7) Plaintiff is entitled to attorney's fees for work performed after the Ninth Circuit's second remand of this case, with the amount of fees to be calculated by the court after plaintiff provides proper documentation of those fees.

For the foregoing reasons, overall, the court will award $570,925.43 in attorney's fees and expenses, calculated as follows:

| | |
|---|---:|
| Lodestar: | $ 423,575.00 |
| Fees on Fees (prior to appeal) | $ 53,560.00 |
| Fees on Fees (on first remand) | $ 55,555.00 |
| Fees on Fees (on second remand) | TBD |
| Expenses: | $ 38,235.43 |
| TOTAL AWARD: | $ 570,925.43 |

IT IS SO ORDERED.

Dated: February 20, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] This decision will undoubtedly be cited to this court and other courts in the future as standing for the proposition that these are reasonable rates to compensate attorneys representing prevailing plaintiffs in civil rights cases. That does not follow. Rather, the result here is the product of the peculiar circumstances of this case. None of the time spent by counsel after the first remand was in representing their client. All of it was spent exclusively in litigating their own fees. While this decision should not be taken as any comment on counsel's abilities or effectiveness in representing their clients, it does stand as a testament to their expertise and effectiveness in fighting for their own fees. The bottom line here is that they have been able to recover over four times as much money for themselves as they got for their client in this action, and it may not be over yet.

5