1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   HARRISON ORR, individually,        No. 2:14-cv-585 WBS EFB

13              Plaintiff,

14        v.                            ORDER RE: ATTORNEY'S FEES AND
                                        EXPENSES AFTER SECOND REMAND
15   CALIFORNIA HIGHWAY PATROL, a
     public entity; STATE OF
16   CALIFORNIA, a public entity;
     CALIFORNIA HIGHWAY PATROL
17   OFFICERS BRAME, PLUMB, and DOES
     1-10 individually,
18
                Defendants.
19

20

21                          ----oo0oo----

22        On February 21, 2020, this court awarded plaintiff

23   $570,925.43 in attorney's fees and expenses.  (Docket No. 265.)

24   In that order, the court also held that plaintiff was entitled to

25   attorney's fees for work performed after the Ninth Circuit's

26   second remand of this case, with the amount of fees to be

27   calculated by the court after receipt of proper documentation of

28

                                   1

those fees.  Plaintiff has now requested $20,864.00 in attorney's fees for work performed after the second remand.  Plaintiff also requests post-judgment interest at a rate of 0.5% day, accruing from November 16, 2015, and requests a 5% enhancement for fees incurred before and at trial, which the court awarded previously but which was omitted in the court's February 21, 2020 order.[1]  In light of the parties' briefing, the court orders as follows:

(1) Plaintiff is entitled to the 5% lodestar enhancement due to the contingent nature of this case, for the reasons discussed in the court's prior orders.  (Docket No. 203 at 27-29; Docket No. 250 at 3 n.3.)  The court inadvertently omitted this enhancement from its February 21, 2020 order after previously finding such enhancement was appropriate in its first two fee orders.  Taking the $423,575.00 lodestar amount determined in the court's February 21, 2020 Order, plaintiff is entitled to an additional $21,178.75 as a 5% enhancement to the lodestar.

(2) Plaintiff is entitled to fees on the second remand for Michael J. Haddad's 17.7 hours of work, Teresa Allen's 2.0 hours, and Richard M. Pearl's 14.1 hours, for the reasons discussed by plaintiff in his motion and given defendant's lack

---

[1]    Defendant does not object to the number of hours billed by plaintiff's counsel for work after the second remand, and does not oppose the requested post-judgment rate of 0.5% or the accrual date of November 16, 2015.  Defendant does object, however, to the rates requested by plaintiff and awarding a 5% enhancement, though his objection to the 5% enhancement is that plaintiff should have sought reconsideration of the February 21, 2020 order, and that this motion for post-remand fees is not the proper vehicle for such request.

1  of opposition to such request.

2         (3) Plaintiff is entitled to fees on the second remand

3  at a rate of $580 per hour for Michael J. Haddad, a rate of $380

4  per hour for Teresa Allen, and a rate of $580 per hour for

5  Richard M. Pearl.  The court declines to increase the hourly

6  rates from its prior order by 4%, as requested by plaintiff,

7  finding those requested rates not supported the awards in other

8  civil rights cases in the Eastern District of California.

9  Indeed, the court views the rates of $380 an hour and $580 an

10  hour as unprecedented in this district and overly generous but

11  has reluctantly awarded them for the reasons discussed by the

12  court in its February 21, 2020 order.[2]  Taking these rates and

13  the agreed number of hours billed by plaintiff's counsel,

14  plaintiff is entitled to $19,204 for fees for work after the

15  second remand.

16         (4) Plaintiff is entitled to 0.5% post-judgment

17  interest, accruing as of November 16, 2015, given the agreement

18  of the parties and for the reasons discussed by plaintiff in his

19  motion.

20         [2]   As the court discussed previously, although the court
has endeavored to provide the requisite concise and clear
21  explanation for its fee awards, the Ninth Circuit's serial
rejection of fees award awards in this case has left the court
22  unable to articulate any reason for the rates and number of hours
for appropriate fees other than to simply rely on plaintiff's
23  briefing and declarations.  The court has done so in this order,
as it did in recalculating fees after the second remand, though
24  it holds the line at granting any further rate increase.  (See
Docket No. 265.)  Once again, this order should not be cited for
25  the proposition that the rates allowed here are reasonable rates
to compensate attorneys representing prevailing plaintiffs in
26  other civil rights cases.  (See Docket No. 265 at 5 n.1.)
27  "Rather, the result here is the product of the peculiar
circumstances of this case."  (Id.)
28

1                   IT IS SO ORDERED.

2     Dated:   July 6, 2020

3                                         WILLIAM B. SHUBB
                                          UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4